UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 09-11033
                                                  Honorable Thomas L. Ludington

v.

JEFFERY A. WELTI,

        Defendant.
_____/

**ORDER GRANTING PETITION TO ALLOW RECORDS SUBPOENA**

On March 19, 2009, the government filed a complaint against Jeffery A. Welti, alleging that Welti has not paid off student loans he obtained in November 1982 and September 1983. After Welti was served but failed to answer, the government obtained a default judgment against him pursuant to Federal Rule of Civil Procedure 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The government was awarded "a total judgment amount of $14,304.63 together with post judgment interest." Entry of J. by Default 1, ECF No. 7.

Writs of continuing garnishment then issued on May 29, 2009 and August 12, 2011. At present, however, the government "has no knowledge of any assets or employment of [Welti] to collect on the above debt." Pl.'s Pet. ¶ 3, ECF No. 17. But the government believes there is a company in possession of this information.

It alleges that is has "reason to believe and does believe that **CENTRAL MORTGAGE COMPANY** has information leading toward assets and or employment of the Defendant that

would enable Plaintiff to satisfy said Judgment." *Id*. at ¶ 4 (emphasis in original). Notably, the government did not share those reasons with the Court.

As the government asserts in its brief, Federal Rule of Civil Procedure 34(c) permits a court, so long as it complies with Rule 45, to compel a nonparty "to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c). Federal Rule of Civil Procedure 45 permits a subpoena to issue which sets out "[a] command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises." Fed. R. Civ. P. 34(a)(1)(C).

The government argues that because it "seeks only document production" and not "the appearance of anyone from said entity to testify," the Court "must issue" the subpoena it requests. Pl.'s Br. 1, ECF No. 17. This logic, however, is simply mistaken.

The mistake stems from the government's strained reading of Rule 45. The Rule first sets out the form a subpoena must take and the substance a subpoena must contain. Rule 45 then sets forth how to determine which court should issue a valid subpoena, providing: "A subpoena must issue as follows: . . . (C) for production or inspection . . . from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Thus, this Court "must issue" a subpoena in the manner prescribed by Rule 45, but whether to issue a subpoena at all is reserved to the Court's discretion. After all, Rule 34 is permissive, not mandatory. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty *may be compelled* to produce documents and tangible things or to permit an inspection." (emphasis added)).

The Court, however, is inclined to grant the petition to allow a records subpoena because of the safeguards built in to Rule 45. Section (c) of the Rule is titled "Protecting a Person Subject to a Subpoena." Fed. R. Civ. P. 45(c). Subsection (2)(B) then provides that "[a] person

commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials." Fed. R. Civ. P. 45(c)(2)(B). Because Central Mortgage Company (CMC) will have the opportunity to object to the subpoena if it wishes, and because the government will serve this order upon CMC along with the subpoena, the petition will be granted.

Accordingly, it is **ORDERED** that the government's petition to allow records subpoena, ECF No. 17, is **GRANTED**.

It is further **ORDERED** that the government is **DIRECTED** to serve a copy of this order on Central Mortgage Company along with the subpoena (which must comply with the requirements of Rule 45). The government is also **DIRECTED** to subsequently file proof of service on the Court's docket.

Dated: June 25, 2013                                           s/Thomas L. Ludington
                                                               THOMAS L. LUDINGTON
                                                               United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2013.
                        s/Tracy A. Jacobs
                        TRACY A. JACOBS